UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AMERICAN COMMERCIAL LINES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:12-cv-135-SEB-WGH |
| | ) | |
| THE LUBRIZOL CORPORATION, | ) | |
| VCS CHEMICAL CORP., and | ) | |
| MARK MICHELSEN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF AMERICAN COMMERCIAL LINES LLC'S MOTION TO COMPEL DISCOVERY RESPONSES

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff's Motion to Compel Discovery Responses filed May 3, 2013. (Docket No. 60). Defendant, The Lubrizol Corporation ("Lubrizol"), filed its Opposition to the motion on May 31, 2013. (Docket No. 84). Plaintiff's Reply in Support of the motion was filed June 7, 2013. (Docket No. 87).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Motion to Compel:

### Factual Background

Plaintiff, American Commercial Lines LLC ("ACL"), entered into agreements with Defendants VCS Chemical Corp. ("VCS") and Mark Michelsen ("Michelsen") to test a particular Lubrizol product, LZ8411A (the "Lubrizol Additive"), in its

barges. After the parties collectively tested the Lubrizol Additive on a test group of ACL's fleet for more than 16 months, it was determined that the use of the additive might save ACL significant amounts of money on their diesel fuel purchases. From February 7, 2011, to November 8, 2011, ACL purchased approximately $1.1 million dollars of product that it understood to be the Lubrizol Additive.

On November 8, 2011, ACL learned during a meeting with Lubrizol's representative that the additive it was deploying in its fleet was not the extensively tested and approved Lubrizol Additive, but was, in fact, some other unidentified additive. ACL also learned at this meeting that the relationship between Lubrizol and its agents, VCS and Michelson, had been terminated in February 2011, after ACL had ordered the Lubrizol Additive to deploy in its fleet through VCS and Michelson.

At issue in this lawsuit are the following questions:

(a) Were VCS and Michelson agents of Lubrizol, and if so, when?

(b) Was Lubrizol aware that some other unidentified additive, which had not been tested, was being provided to ACL, and if so, when?

(c) Under these circumstances, did Lubrizol owe ACL any duty to notify ACL: (1) that the product being used by ACL was not the Lubrizol Additive; and/or (2) of the termination of the relationship between Lubrizol and VCS/Michelson?

It is alleged that when asked why Lubrizol did not make ACL aware of the severed relationship with its agent and channel partner, VCS/Michelson, Lubrizol's employees stated that they had been specifically instructed by

Lubrizol's in-house legal counsel not to inform ACL of the severed relationship between Lubrizol and VCS/Michelson. (ACL's Brief at 2). In addition, Lubrizol has listed in-house attorneys Kristin Marquardt, William Manson, and Elizabeth Grove as individuals with information relevant to this cause in response to ACL's discovery requests. (*See* Plaintiff's Reply Ex. D – Lubrizol's Supplemental Discovery Request, Responses to Interrogatories 5 and 15).

## The Issues Raised

This Motion to Compel addresses:

(1) whether certain documents provided under a privilege log are protected by the attorney-client privilege or the work product doctrine; and

(2) whether certain of Lubrizol's written discovery responses are adequate and complete.

### Issue 1: Must documents listed in the privilege log be disclosed because they are not protected by the attorney-client privilege or the work product doctrine?

In dispute between the parties in this case is whether Lubrizol has "put in issue" an attorney's advice when, in the course of the business transaction at issue, Lubrizol's employees followed specific instructions of the in-house counsel as to whether to disclose certain facts to ACL. A party may waive the attorney-client privilege "by putting 'in issue' an attorney's advice." *Harter v. Univ. of Indianapolis,* 5 F. Supp. 2d 657, 664, (S.D. Ind. 1998). Under the specific facts of this case, the Magistrate Judge concludes that Lubrizol has not raised a classic "advice of counsel" defense and has not, *itself,* put at issue an attorney's advice. To reach that conclusion in every instance where a client has talked to

an attorney before a business meeting would eviscerate the attorney-client privilege in most instances.

ACL also argues that Lubrizol forfeited its attorney-client and work product privileges by relying on the attorney-client relationship to further a fraudulent scheme.

Lubrizol does accurately argue that the "crime/fraud" exception to the attorney-client privilege is not an issue to be "thrown about lightly" in a case and requires the identification of "specific communications" at issue and the presentation of "prima facie evidence" of counsel's participation in the fraud that gives color to the charge by showing some foundation in fact. (Defendant's Response 5 (citing *Shaffer v. Am. Med. Ass'n.*, 662 F.3d 439, 447 (7th Cir. 2011)). In this case, ACL has fulfilled that requirement by making reference to several internal Lubrizol communications with in-house attorneys. (Plaintiff's Reply 5-6 (citations omitted)). There is a sufficient showing that Lubrizol's in-house counsel did have knowledge of VCS's allegedly "fraudulent" substitution of product to ACL and instructed Lubrizol employees at multiple junctures to not tell ACL of that substitution. While a jury may conclude that there was not, in fact, any fraudulent conduct, the documents produced to date are sufficient to require discovery upon that issue.

Because there are a finite number of documents being withheld, the Magistrate Judge believes that it is prudent to review the documents listed on the privilege log, *in camera*, before making any decision. Lubrizol is directed to

provide unredacted copies of the documents to the court for *in camera* review within fifteen (15) days of the date of this order.

**Issue 2:     Are certain of Lubrizol's written responses adequate and complete?**

After review of the answers, the Motion to Compel is **DENIED** as to Interrogatory No. 23 and Requests for Admission 36, 37, 38, 39, and 43.

Interrogatory 21 requested that Lubrizol "explain in detail the basis for such denial [of all 52 Requests for Admission] and identify each person who has knowledge of facts which support such denial." (*See* Plaintiff's Brief 14). However, the court's rules limit requests for admission to 25 without leave of court.  S.D. IND. L.R. 36-1.  Lubrizol does not specifically raise an objection based on an improper number of Requests for Admission.  Moreover, the responses to the Requests for Admission which are provided are somewhat conclusory.  However, Rule 26 does not require that a denial be accompanied by a recitation of the explicit factual basis that supports the denial.  FED. R. CIV. P. 26 .  The Magistrate Judge does order Lubrizol to answer Interrogatory 21 only to identify which witnesses have factual information upon which Lubrizol bases its denials.

The Motion to Compel is **GRANTED** as to Interrogatory 25.

As to Interrogatories 20 and 26, the Motion to Compel is **GRANTED.**  The use of "contention" interrogatories is provided for under FED. R. CIV. P. 33(a)(2).  In this district, a party responding to such interrogatories must make a good faith effort to respond in a timely manner.  That party is allowed – and in fact

-5-

required – to supplement those answers at the completion of discovery when new or different information requires that the answer be changed to accurately reflect the facts discovered.  That supplementation may occur later in this case.

As to Requests for Production 29 and 36, the Motion to Compel is **DENIED** based on the representation that Lubrizol has produced all documents with these entities that bear any relation to the claims in this matter.  (Defendant's Response 7).  The Magistrate Judge would require production of any such correspondence between those entities which concern VCS or Michelson for the period of time between September 1, 2010, and September 1, 2011 (six months before and after ACL terminated its relationship with VCS/Michelson in February 2011).

As to Request for Production 1, the Magistrate Judge **DENIES** the Motion to Compel at this time, subject to a determination after *in camera* inspection that other documents listed on the privilege log must be produced.

**SO ORDERED.**

**Dated:**  July 18, 2013

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**