UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AMERICAN COMMERCIAL LINES LLC, | ) ) ) | |
| Plaintiff, | ) ) | 4:12-cv-00135-SEB-WGH |
| vs. | ) ) | |
| THE LUBRIZOL CORPORATION, | ) ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**

This cause is now before the Court on Plaintiff's Motion to Reconsider or, in the alternative, to issue final judgment on dismissed claims and stay action [Docket No. 161], filed on April 7, 2014, pursuant to Rules 60(b) and 54(b) of the Federal Rules of Civil Procedure. For the reasons detailed below, we <u>DENY</u> Plaintiff's Motion to Reconsider and <u>DENY</u> Plaintiff's request that the Court issue final judgment on the dismissed claims and stay this action pending appeal.

**<u>Motion to Reconsider</u>**

Motions to reconsider are to be used in limited circumstances "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191

1

(7th Cir. 1990) (citation omitted). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* Motions to reconsider are not, however, designed to resubmit arguments that the court has already considered and rejected, *Jones v. C&D Technologies, Inc.*, No. 1:11-cv-01431-JMS-DKL, 2014 WL 1233239, at *4 (S.D. Ind. Mar. 25, 2014), or "'introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). Disagreement with the court's legal analysis is also not a basis for reconsideration. *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1018-19 (7th Cir. 2002).

Here, Plaintiff argues that we erred by applying the wrong standard of review to Defendant's motion to dismiss, improperly applying the harsher standard applicable to motions for summary judgment. Plaintiff further argues that we inadvertently failed to consider a number of supplemental exhibits it submitted in opposition to Defendant's motion to dismiss,[1] which Plaintiff contends rendered our analysis incomplete so as to necessitate reconsideration.

Plaintiff relies heavily on the fact that we analyzed various exhibits that were attached to the complaint, arguing that by doing so, we went "beyond the pleadings" and

---

[1] The supplemental exhibits were filed approximately seven months after Plaintiff filed its response to Defendant's motion to dismiss.

converted the motion to dismiss to a motion for summary judgment. According to Plaintiff, the attached exhibits were intended only to be "illustrative" and "merely to shed light on the dispute." However, it is well-established under Seventh Circuit law that, for purposes of a Rule 12(b)(6) motion, the pleadings "consist generally of the complaint, any exhibits attached thereto, and supporting briefs." *Thompson v. Ill. Dep't of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Accordingly, once Plaintiff attached 60 exhibits to its complaint, they became part of the pleadings. The court is allowed to consider such materials on a motion to dismiss without converting it to a motion for summary judgment. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). Thus, the fact that we considered the attached exhibits in reaching our decision was not a mistake or error.

Plaintiff contends that we improperly "weighed" and "evaluated" those exhibits in a manner more akin to the summary judgment standard. However, as Defendant Lubrizol argues, the motion to dismiss standard does not require the court to accept without question those allegations and inferences that are not supported by specific facts or are contradicted by the exhibits attached to the complaint. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) ("The court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material.") (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d*, § 1327 at 766 (1990)). Rather, the court has a duty to assess

whether a complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory statements and legal conclusions that are not supported by specific facts are not entitled to the assumption of truth. *Id.* at 681. Thus, once such allegations are disregarded, the court analyzes the remaining allegations and exhibits to determine whether they plausibly state a claim for relief. *Id.* at 678-79. This is exactly the analysis which we undertook in determining that Plaintiff's allegations did not reach the level of plausibility required to survive a motion to dismiss. Accordingly, there is no legitimate basis on which to conclude that the Court mistakenly applied the incorrect standard in ruling on Defendants' motion to dismiss.[2] Any disagreement Plaintiff has regarding our judgment

---

[2] Plaintiff argues that our use of words such as "evidence" and references to Plaintiff's failure to "show" the ability to prove its claims establish that we mistakenly applied the wrong standard of review to Plaintiff's claims. However, as Defendant notes, these words are not "code" for the summary judgment standard nor do they otherwise show that we subjected Plaintiff to a higher standard in ruling on the motion to dismiss. Rule 8 requires a complaint to include "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Our use of the word "evidence" referenced the specific facts pled in the complaint and the exhibits that were incorporated into the pleadings. It is true as Plaintiff highlights that there is one mistaken reference to "summary judgment" at page 15 of the order, which reads: "Lubrizol further argues that ACL's constructive fraud claim cannot survive summary judgment because...." However, given that our analysis clearly references and applies the Rule 8 standard throughout the order, that inadvertent reference is at most harmless error and certainly not grounds for reconsideration.

or the conclusions we reached as a result of this process merely reflects a disagreement with our legal analysis which is not a proper basis for reconsideration under Rule 60(b).

Plaintiff argues that another basis for reconsideration is the Court's failure to consider "supplemental authority" Plaintiff had filed in opposition to Defendant's Motion to Dismiss in February 2014, which consisted of approximately 300 pages of deposition transcripts without explanation as to the relevance of any of the excerpts. However, the docket reflects that on April 2, 2014, we entered an order denying as moot Defendant's motion to strike those exhibits on the grounds that we did not rely on any of the transcripts in ruling on Defendant's motion to dismiss. Accordingly, it is clear that our decision to not consider Plaintiff's additional submissions was not as Plaintiff characterizes it a "mistake" necessitating reconsideration. Because, as discussed above, we did not improperly convert Defendant's motion to dismiss to a motion for summary judgment, the supplemental deposition testimony filed by Plaintiff was not relevant to the motion to dismiss; significantly, it was neither attached to the complaint nor central to Plaintiff's claims. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (holding that documents that are neither included in the plaintiff's complaint nor central to the claim should be considered on a motion to dismiss). Thus, our failure to consider Plaintiff's supplemental submission does not suffice as a basis on which to reconsider our order on Defendant's motion to dismiss.

The remainder of Plaintiff's arguments either could (and should) have been raised in its initial response to Defendant's motion to dismiss or they merely rehash arguments

5

we already considered and rejected or question our legal analysis, none of which is a basis for reconsideration. Accordingly, for the reasons detailed above, we <u>DENY</u> Plaintiff's Motion for Reconsideration.

## Motion for Partial Final Judgment and Stay Pending Appeal

Alternatively, Plaintiff requests that we issue final judgment as to the dismissed claims and issue a stay pending appeal. Rule 54(b) provides that "[w]hen an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more, but fewer than all, claims … only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Here, each of Plaintiff's claims requires a showing that Plaintiff was injured by Defendant's conduct. In its complaint, Plaintiff alleges the same facts to show injury on each of its claims, to wit, that though it paid for the purchase of Defendant's product, it received instead a counterfeit product that had "zero value" to Plaintiff. Thus, each of Plaintiff's claims requires a showing that the counterfeit additive provided less benefit to Plaintiff than Defendant's additive was expected to provide. Because resolution of this issue on summary judgment could likely impact the viability of Plaintiff's dismissed claims, we find that judicial economy will best be served by allowing the remaining claim to proceed at least through the summary judgment stage. *See Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) ("The possibility that developments in the litigation may moot a claim suggests that appellate resolution be deferred."). After our

consideration of any motions for summary judgment that may be filed on Plaintiff's remaining claim,[3] this issue can be revisited, if appropriate.

IT IS SO ORDERED.

Date: _____11/24/2014_____  _____*signature*_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] The dispositive motions deadline is November 30, 2014.

Distribution:

Daniel Edward Hancock
FULTZ MADDOX HOVIOUS & DICKENS PLC
dhancock@fmhd.com

John David Dyche
FULTZ MADDOX HOVIOUS & DICKENS PLC
jddyche@fmhd.com

Robert Gregg Hovious
FULTZ MADDOX HOVIOUS & DICKENS PLC
ghovious@fmhd.com

Jennifer M. Stinnett
FULTZ, MADDOX, HOVIOUS & DICKENS, PLC
jstinnett@fmhd.com

Julie A. Harris
LUBRIZOL CORPORATION
julie.harris@lubrizol.com

Jeffrey D. Roberts
ROBERTS MEANS LLC
jroberts@robertsmeans.com

William P. Means
ROBERTS MEANS LLC
wmeans@robertsmeans.com

Elizabeth A. Grove
THE LUBRIZOL CORPORATION
elizabeth.grove@lubrizol.com

Suzanne F. Day
THE LUBRIZOL CORPORATION
suzanne.day@lubrizol.com